UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA LOCKE,

    Plaintiff,

vs.                               CASE NO.:

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA LOCKE, (hereinafter "Plaintiff" or "Mr. Locke"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, LOWE'S HOME CENTERS, LLC, (hereinafter "Defendant" or "Lowe's") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed thirty thousand dollars ($30,000.00).

2. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief, and other equitable relief pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., as

amended ("FMLA").

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

4. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the United States District Court for the Northern District of Florida, Panama City Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division. All facts and circumstances arising from this dispute took place in Jackson County, Florida.

## PARTIES

6. Plaintiff is a resident of the State of Florida and is a protected employee under the FMLA.

7. The Defendant, LOWE'S HOME CENTERS, LLC, is a Foreign Limited Liability Company with its principal headquarters located at 1000 Lowe's Blvd Mooresville, NC 28117.

8. At all times hereinafter mentioned, the Defendant performed and conducted business in Jackson County, Florida.

9. Defendant expected or should have reasonably expected its acts and business activities to have consequences in Jackson County, Florida.

## GENERAL ALLEGATIONS

10. On December 5, 2014, Lowe's hired Joshua Locke to work in their Winter Garden Store as a Customer Service Associate ("CSA").

11. In March of 2020, Mr. Locke transferred to the Lowe's store in Marianna, Florida.

12. Mr. Locke worked for Lowe's from December 5, 2014, until his termination on March 11, 2022.

13. During his employment, Mr. Locke held several positions including Paint CSA, Cabinet Specialist, Plumbing Specialist, Appliance Specialist and Lumber/Building Materials CSA.

14. At the time of his termination on March 11, 2022, Mr. Locke held the position of Lumber/Building Materials CSA at the Marianna location.

15. As a Lumber\Building Materials Customer Service Associate, Mr. Locke helped customers with purchases by loading and unloading products for them, maintained the department by stocking shelves, put

away returns, and kept the department clean.

16. Unfortunately, in 2018, Mr. Locke's wife got diagnosed with Lupus.

17. As a result of his wife's diagnosis, it became necessary for Mr. Locke to apply for and receive intermittent FMLA leave.

18. Lowe's initially granted Mr. Locke's Intermittent FMLA leave and allowed Mr. Locke time off as needed to bring his wife to various medical appointments.

19. In January of 2022, Chris Cannon – Pro Sales Manager/Tallahassee Florida Area at Lowe's Companies, Inc. – became Mr. Locke's supervisor.

20. Shortly after Mr. Cannon became Mr. Locke's supervisor, Mr. Locke requested to use his intermittent FMLA leave to care for his wife's medical needs on February 2, 2022, February 3, 2022, February 15, 2022, February 16, 2022, and February 22, 2022.

21. On March 11, 2022, Mr. Cannon called Mr. Locke into Assistant Store Manager, Kennedy Decree's, office and terminated Mr. Locke's employment due to excessive absences. Mr. Locke tried to explain that his absences were related to his approved intermittent FMLA leave and asked

to speak to Human Resources. Mr. Cannon told Mr. Locke that he could do what he wanted but his employment was still terminated.

22. Following this conversation, Mr. Locke called Lowe's Human Resources department to dispute the termination and was told that the circumstances would be investigated. To date, Mr. Locke has been unable to return to work.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT OF 1993
### 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 824.22(a)(1).
### FMLA Retaliation

23. Plaintiff, JOSHUA LOCKE, re-alleges and incorporate by reference the allegations set forth in paragraphs one (1) through twenty-two (22) as if set forth fully herein.

24. Defendant is a covered employer under FMLA.

25. Plaintiff worked at least 1,250 hours during the 12 months prior to his request for intermittent FMLA leave to care for his wife.

26. Plaintiffs worked at a location where fifty or more employees worked for Defendant.

27. Plaintiff worked for Defendant for longer than twelve months.

28. Plaintiff was eligible for FMLA leave.

29. Mr. Locke informed Defendant of his need for Intermittent FMLA Leave in 2018.

30. Mr. Locke renewed his Intermittent FMLA as required.

31. In January of 2022, Chris Cannon – Pro Sales Manager/Tallahassee Florida Area at Lowe's Companies, Inc. – became Mr. Locke's supervisor.

32. Shortly after Mr. Cannon became Mr. Locke's supervisor, Mr. Locke requested to use his intermittent FMLA leave to care for his wife's medical needs on February 2, 2022, February 3, 2022, February 15, 2022, February 16, 2022, and February 22, 2022.

33. On March 11, 2022, Mr. Cannon called Mr. Locke into Assistant Store Manager, Kennedy Decree's, office and terminated Mr. Locke's employment due to excessive absences; this is clearly retaliation in violation of the FMLA.

34. An FMLA-eligible employee can take up to 12 weeks of unpaid, job-protected leave in a designated 12-month leave year for specified family and medical reasons, including a serious health condition as defined by the FMLA.

35. Defendant retaliated against Plaintiff for his continued use of his Intermittent FMLA Leave.

36. As a direct and proximate result of Defendant's acts, Plaintiffs have suffered loss of employment compensation, privileges, and benefits, and have suffered and continue to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to their professional reputation.

37. Plaintiffs have suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

38. Plaintiffs have incurred costs and attorney's fees in pursuit of this claim.

**WHEREFORE**, Plaintiffs respectfully invokes the remedial powers of this Court provided in violation of the FMLA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant, LOWE'S HOME CENTERS, LLC, from engaging in acts of retaliation against Plaintiff;

B. Back pay;

C. Front pay;

D. Compensatory damages against LOWE'S HOME CENTERS, LLC;

E. Prejudgment interest;

F. Damages for all employment benefits he would have received but for the retaliatory acts and practices of Defendant;

G. Reasonable attorney's fees and cost incurred in this action as provided in 29 U.S.C. 2617(a)(3); and

H. Any other relief the Court finds appropriate under the law.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 16th day of May 2022.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Brian T. Gruber, Esq.
Florida Bar No. 1027865
**Imler Law**
19409 Shumard Oak Dr., Unit 103
Land O' Lakes, Florida 34638
(P): 813-553-7709
Jason@ImlerLaw.com
Brian@ImlerLaw.com
*Attorneys for Plaintiff*